**Michal SMITH, Petitioner–Appellant,**

v.

**Patricia CARUSO, Respondent– Appellee.**

No. 01–2238.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2002.

Before BOYCE F. MARTIN, Jr., Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

*ORDER*

Michal Smith, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 15 and 16, 1994, a jury found Smith guilty of assault with intent to do great bodily harm less than murder, armed robbery, and habitual offender, third offense. Smith was sentenced to serve enhanced terms of ten to twenty years of imprisonment for assault and twenty-five to fifty years of imprisonment for armed robbery, to run concurrently. The Michigan Court of Appeals affirmed Smith's convictions on March 7, 1997. The Michigan Supreme Court denied Smith's delayed application for leave to appeal on March 31, 1998. Smith did not pursue post-conviction relief.

On April 19, 1999, Smith filed the instant petition for a writ of habeas corpus, in which he asserted five grounds for relief. The district court denied Smith's habeas corpus petition and granted a certificate of appealability as to the first ground for relief, whether "pre-indictment delay denied [Smith] due process by improperly depriving him of the testimony of his principal alibi witness." Smith filed a timely appeal. On May 30, 2002 this court denied a certificate of appealability as to the remaining issues not certified by the district court. The case has now been fully briefed.

When reviewing a district court's disposition of a habeas corpus petition, we review the district court's legal conclusions de novo and its factual findings for clear error. *Vincent v. Jones*, 292 F.3d 506, 510 (6th Cir.2002). Pursuant to the Antiterrorism and Effective Death Penalty Act, a writ of habeas corpus will not be granted "with respect to any claim that was adjudi-

cated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2); *Vincent*, 292 F.3d at 510. A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495. Instead, it is only when the state court's decision is "objectively unreasonable" that a writ of habeas corpus should be issued. *Id.* at 409, 120 S.Ct. 1495. Furthermore, factual findings made by a state court are presumed correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(I).

In order to prevail on a claim of unconstitutional pre-indictment delay, a defendant must demonstrate that he suffered substantial prejudice to his defense as a result of the delay and that the prosecution intentionally delayed in order to gain a tactical advantage over him. *United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Where delay is investigative, rather than intentional in order to gain a tactical advantage, due process principles are not offended, even if the defense "might have been somewhat prejudiced by the lapse of time."

*Lovasco,* 431 U.S. at 796, 97 S.Ct. 2044. In any due process inquiry based upon pre-arrest delay, "the particular circumstances of individual cases" must be evaluated. *Id.* at 797, 97 S.Ct. 2044; *see also Marion,* 404 U.S. at 325, 92 S.Ct. 455. Only those pre-indictment or pre-arrest delays that violate "those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency,'" are unconstitutional. *Lovasco,* 431 U.S. at 790, 97 S.Ct. 2044 (citations omitted).

Upon review, we conclude that Smith failed to show either substantial prejudice or intentional delay to gain a tactical advantage with respect to his due process claim based upon pre-arrest delay. Thus, Smith failed to demonstrate that the decisions of the Michigan state courts rejecting his claim are objectively unreasonable so as to constitute an unreasonable application of federal law. *See Lovasco,* 431 U.S. at 790, 97 S.Ct. 2044; *Marion,* 404 U.S. at 325, 92 S.Ct. 455.

Accordingly, the district court's judgment denying Smith's petition for a writ of habeas corpus is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.